PROB 12B
(7/93)

**FILED**
DISTRICT COURT OF GUAM
NOV 30 2006
MARY L.M. MORAN
CLERK OF COURT

# United States District Court

for

*District of Guam*

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Douglas Lee Harrison**          Case **CR 03-00007-001**

Name of Sentencing Judicial      Honorable John C. Coughenour

Date of Original Sentence:  August 2, 2004

Original Offense: Possession of Material Containing Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2).

Original Sentence: Time served, followed by a three year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; participate in a sex offender treatment program approved by the U.S. Probation Office; participate in a mental health treatment program approved by the U.S. Probation Office; not seek or maintain employment, supervise, volunteer, or participate in any program and/or activity where minors under the age of 18 would congregate, without prior permission of the United States Probation Officer; not have contact with any minor children under the age of 18 without prior permission of the United States Probation Officer; not view, possess, nor have under the control any pornographic, erotic, nude depictions of children, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services; not patronize any place where such material or entertainment is the primary source of business; not utilize any sex-related telephone numbers; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release          Date Supervision: August 2, 2004

---

### PETITIONING THE COURT

[ ] To extend the term of supervision for ____ years, for a total term of ____ years.

[X] To modify the conditions of supervision as follows:

1. That the defendant shall be subject to a search by the U.S. Probation Officer or its designated agent, of any electronic media storage device or internet access device, used by the defendant, to ensure he has not viewed or possessed child pornography.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

**See attached Violation Report; Request to Modify Conditions of Supervised Release prepared by U.S. Probation Officer John W. San Nicolas II**

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 11/20/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer

Date: November 20, 2006

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other

HON. FRANCES TYDINGCO-GATEWOOD
Chief Judge
District of Guam

11-24-06
Date

RECEIVED
NOV 24 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 03-00007-001 |
| Plaintiff, | ) | |
| vs. | ) | **VIOLATION REPORT** |
| DOUGLAS LEE HARRISON | ) | |
| Defendant. | ) | |

**Re: Violation Report; Request to Modify Conditions of Supervised Release**

Douglas Lee Harrison was sentenced on August 2, 2004 for Possession of Material Containing Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). He is alleged to have violated the following conditions of supervision:

**Special Condition**: *The defendant shall not view, possess, nor have under the control any pornographic, erotic, nude depictions of children, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is the primary source of business. The defendant shall not utilize any sex-related telephone numbers.*

A review of Guam Police Report Case Number KY06-16781 revealed that on July 1, 2006, a male individual identified as Randy Q. Santos walked in to the Guam Police Department Dededo Precinct and met with Guam Police Department Officer J. Ananich. Santos stated that he had evidence that his roommate, Douglas Lee Harrison, had downloaded child pornography from the internet. Mr. Santos provided the officer with a compact disc (TDK brand) and stated, "here's the evidence."

On the same date, Officer Ananich conducted an interview of Mr. Santos, which is summarized as follows: Santos stated that sometime in February 2003, he moved in with Harrison not knowing too much about his background. Santos had observed individuals resembling law enforcement personnel making frequent checks on the residence. A few months later, Harrison revealed to Santos that he had been previously arrested for possessing child pornography. Santos also stated that Harrison purchased a laptop computer and used it to download movies. On an occasion in June 2006 when Harrison

VIOLATION REPORT
Violation Report; Request to Modify Conditions of Supervised Release
Re:   HARRISON, Douglas Lee
USDC Cr. Cs. No. 03-00007-001
November 15, 2006
Page 2

left the residence, Santos observed the computer to be operating on a desk in Harrison's bedroom. Santos went into the bedroom and observed some of the files, one of which contained a video that was observed to be of young boys he believed were no older than ten years old. Santos closed the file and saved it to a disk for evidence. Officer Ananich informed Federal Bureau of Investigation Special Agent Perry Collier, who requested that the information be forwarded to him for his review.

On the same date, Officer Ananich, along with two other officers, reviewed the contents of the compact disc on a computer at Fast Flix, Compadres Mall, Dededo, Guam. Upon opening the file on the disc, it displayed the words Baikal Films-Fun Fl. The film revealed what appeared to be a Caucasian adult male walking away from a lake area surrounded by trees with what appeared to be four naked male minors sitting on the ground on towels. Two of the male minors were arm wrestling while laying on their stomachs, while the other two male minors were sitting down, naked, observing the other two. The four male minors switched off with each other and continued to arm wrestle. A fifth person appeared to be present filming the actions of the male minors, but is never revealed by the camera. The male minors then start grappling on the ground, switching partners as the video progressed. All four male minors were naked with their bodies exposed during the grappling contest. Towards the end of the video, the male minors were observed laying on their backs, positioned side by side, talking to each other. The total elapsed time of the video was approximately 21 minutes and 45 seconds. Mr. Harrison was not questioned or arrested by Officer Ananich.

On July 7, 2006, Harrison met with U.S. Probation Officer Robert I. Carreon to report that he was being blackmailed by his former roommate, Randy Santos. He stated that on July 4, 2006, he arrived at the residence with Randy's brother, Fustino Santos, who observed that Randy's personal items were gone. Fustino became upset and caused damage to items in the home. Harrison called the police for assistance and Fustino was arrested at the residence. The following day, Harrison stated that he received a call from Randy, who informed him that if he (Harrison) did not allow him to retrieve his personal items, to include gifts given to him by Harrison, as well as a car, he would turn over a hard drive to the FBI and get him in trouble with illegal material. Harrison allowed Randy and Fustino to retrieve their personal items, but refused to give them a car. Harrison also reported that the hard drive from his home computer, as well as a laptop computer were missing from his residence and believed that Randy had stolen them. Furthermore, Harrison denied that he had downloaded or viewed any child pornography, but stated that Randy was a "computer genius," and probably planted the child pornography.

On August 24, 2006, this Officer spoke with FBI Special Agent Kevin Peterson regarding their investigation of Harrison. Agent Peterson stated that the investigation was at a stand still due to Randy Santos being an uncooperative witness. There was also information that he received that Santos may have been trying to blackmail Harrison, to include the car that Santos wanted from Harrison. Santos also provided information to the Department of Revenue and Taxation, indicating that Harrison was not paying all of his taxes.

VIOLATION REPORT
Violation Report; Request to Modify Conditions of Supervised Release
Re: HARRISON, Douglas Lee
USDC Cr. Cs. No. 03-00007-001
November 15, 2006
Page 3

Though the investigations by the Guam Police Department and the Federal Bureau of Investigation into this matter are at a standstill, the actions by Mr. Harrison rise to the level of violation conduct because both of the computers were bought by him and were under his immediate control and use at his residence.

**Supervision Compliance:** With the exception of the information listed above, Harrison's compliance on supervision has been satisfactory. On April 6, 2005, he completed his urinalysis requirement. On December 9, 2004, he completed his mental health treatment. On February 18, 2005, sex offender treatment was not recommended by Vincent Pereda. On March 7, 2005, Harrison completed his community service requirement. In addition, he paid his special assessment fee on August 2, 2004, and voluntarily submitted to a sample of his DNA on February 18, 2005.

**Recommendation:** Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2), to include, "That the defendant shall be subject to a search by the U.S. Probation Officer or its designated agent, of any electronic media storage device or internet access device, used by the defendant, to ensure he has not viewed or possessed child pornography." Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Harrison's consent to the modification. His compliance will continue to be monitored and any further violations will be reported to the Court accordingly.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Frederick Black, AUSA
    Howard Trapp, Defense Counsel
    File

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. That the defendant shall be subject to a search by the U.S. Probation Officer or its designated agent, of any electronic media storage device or internet access device, used by the defendant, to ensure he has not viewed or possessed child pornography.

Witness _____  Signed _____
    U.S. Probation Officer                Probationer or Supervised Releasee

_____
Date